UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PATRICIA K., ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:19-CV-719-JVB |
| ) | |
| ANDREW SAUL, Commissioner of the ) | |
| Social Security Administration, ) | |
|       Defendant. ) | |

## OPINION AND ORDER

Plaintiff Patricia K. seeks judicial review of the Social Security Commissioner's decision denying her application for disability insurance benefits and asks this Court to reverse that decision and either award benefits or remand this matter to the agency for further administrative proceedings. For the reasons below, this Court reverses the Administrative Law Judge's decision and remands this matter for further administrative proceedings.

## PROCEDURAL BACKGROUND

In Plaintiff's application for benefits, she alleged that she became disabled on July 7, 2015. After a hearing in 2018, the Administrative Law Judge (ALJ) found that Plaintiff suffered from the severe impairments of migraines and degenerative joint disease of the left knee and right ankle. The ALJ found that Plaintiff is able to perform the representative occupations of marker, routing clerk, and mail clerk. Therefore the ALJ found Plaintiff to be not disabled from July 7, 2015, through the date of the decision. This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to

conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether [she] can perform [her] past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff asserts that the ALJ's decision should be reversed because the ALJ (1) failed to properly evaluate Plaintiff's pain symptoms and overemphasized her daily activities and (2) failed to include limitations related to being off-task or absenteeism in Plaintiff's residual functional capacity (RFC). The Court agrees with Plaintiff regarding the first asserted error, which in turn implicates the second asserted error.

An ALJ's evaluation of a plaintiff's statements of his or her subjective symptom is afforded "considerable deference" and will be overturned only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006). An ALJ must consider a claimant's statements about

2

his or her symptoms, including pain, and how these symptoms affect the claimant's activities of daily living and ability to work. 20 C.F.R. §§ 404.1529(a), 416.929(a). ALJs must weigh the subjective complaints, the relevant objective medical evidence, and any other evidence of the following:

>  (1) The individual's daily activities;
>  (2) Location, duration, frequency, and intensity of pain or other symptoms;
>  (3) Precipitating and aggravating factors;
>  (4) Type, dosage, effectiveness, and side effects of any medication;
>  (5) Treatment, other than medication, for relief of pain or other symptoms;
>  (6) Other measures taken to relieve pain or other symptoms;
>  (7) Other factors concerning functional limitations due to pain or other symptoms.

*See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *see also* SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017). The "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2017 WL 5180304, at *2.

>   In her decision, the ALJ reported:
>
>   The claimant alleges symptoms consistent with degenerative joint disease of the left knee and right ankle, and migraines. . . .[1] The claimant testified that she had migraines that would last two to three days a week, and that she would spend up to two days a week in a dark room. She testified that she had left knee and right ankle pain, but that Celebrex had provided good relief for her pain.

(AR 20). In evaluating Plaintiff's subjective symptoms, the ALJ found as follows:

>   The claimant has treated her migraines with medications, and there appears to be no referral to a neurologist in the record. At the hearing, the claimant's representative stated that she had relief from Celebrex. The claimant testified that she stopped that medication because her insurance would not cover it. The claimant is independent in her activities of daily living[ ] and is able to care for her two children. Additionally, the claimant reported that she has two dogs, and that she is involved in animal rescue activities. Based upon this evidence, the claimant's allegations are not consistent with the evidence.

(AR 22).

---

[1] The Court omits the ALJ's report and evaluation of Plaintiff's use of a cane because Plaintiff does not assert error regarding that finding.

First, the ALJ is incorrect about the neurology referral. On July 21, 2015, Dr. Bulger referred Plaintiff to a neurologist for her headaches. (AR 315). It is unclear why the ALJ believed a lack of neurology referral would undermine Plaintiff's stated migraine symptoms, but the referral in the record shows that, under the ALJ's reasoning, Plaintiff's stated symptoms should have been given more credit, not less. The ALJ is patently wrong on this point.

Next, regarding Plaintiff's activities of daily living, the ALJ mischaracterizes the evidence. The ALJ reports that Plaintiff is independent and able to care for her children, but Plaintiff indicated that she needs help with keeping the house tidy and finds it difficult to go up and down stairs. (AR 226). At the administrative hearing, the ALJ asked Plaintiff how her headaches impact her ability to take care of her children, and Plaintiff answered, "It's hard. It's very hard. They – at this point in time, they – they help me out and they have for the last few years." (AR 56). She also testified that, when her kids were younger, her parents "would come by and if they – if I needed something, they would go get it or they would stop by and bring something." (AR 56). She also clarified that it takes longer for her to complete tasks when she has a migraine because the headache affects her concentration. (AR 226).

The ALJ used Plaintiff's animals to doubt the severity of Plaintiff's symptoms. However, Plaintiff testified that one of her dogs is an emotional support animal that comforts and consoles Plaintiff while she is experiencing severe migraines. (AR 57, 220). It defies logic to use this animal that serves a therapeutic purpose as a reason for finding that the symptoms for which the animal is used are not as severe as alleged. Also, Plaintiff indicated that her children help with the care of the dogs. (AR 220). Further, Plaintiff stated that her attendance at animal rescue events is approximately once per month (AR 223, 226). This hardly equates to the activity level required

4

for full time work and is not inconsistent with allegations that her migraines require her to be in a dark room two days each week.

The Commissioner's response contains little engagement with Plaintiff's arguments. The Commissioner fails to acknowledge or rebut the referral to a neurologist identified in the record by Plaintiff. The Commissioner also remains silent on the ALJ's description of Plaintiff's activities, which the record shows to be more limited than the ALJ's recounting of them. In the sparse analysis that is present, the Commissioner tries to convince the Court that changes for the worse in Plaintiff's reported symptoms over 19-20 months should lead to the conclusion that Plaintiff's reports of her symptoms are inconsistent (and, by implication, ought not to be trusted). The ALJ's decision was that Plaintiff was not disabled through the date of that decision, which would include all of the reports in the record. Thus, even if Plaintiff's symptoms as of her alleged onset date were not disabling, they may have been by the time of the report of the worsened symptoms at Plaintiff's administrative hearing, which would be grounds on which to issue a partially favorable decision. Worsening symptoms over a year and a half are no reason to distrust the accuracy of any particular report.

The ALJ found that Plaintiff's lack of neurology referral and activities of daily living were inconsistent with Plaintiff's allegations of migraines that confined her to a dark room two days per week. However, Plaintiff was referred to a neurologist, the record shows that Plaintiff received significant help from her children in performing housework and animal care, and her once a month social activity is consistent with her allegations. Being confined to a dark room two days per week still leaves many days per month on which a social activity may be enjoyed. The ALJ has not connected the cited evidence to her conclusion by a logical bridge, and the Court cannot say that

5

the ALJ's rejection of Plaintiff's allegations of her migraine symptoms is based on substantial evidence. The ALJ's decision cannot stand.

If Plaintiff's migraine symptoms had been properly evaluated, her RFC could have changed significantly, such as including a finding of being off-task or absenteeism at a rate that would preclude full-time competitive work. Even though Plaintiff requests remand for an award of benefits, the evidence of record does not clearly point to only one conclusion (that Plaintiff is entitled to benefits), so the Court instead grants the alternative relief of remanding for further administrative proceedings.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the alternative relief requested in Plaintiff's Opening Brief [DE 15], **REVERSES** the decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings. The Court **DENIES** the request for an award of benefits.

SO ORDERED on July 30, 2020.

s/ Joseph S. Van Bokkelen<br>
JOSEPH S. VAN BOKKELEN, JUDGE<br>
UNITED STATES DISTRICT COURT